## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60033-KMM

DEVON A. BROWN,

      Plaintiff,

v.

GREGORY TONY, *in his individual capacity*
*and in his official capacity as Sheriff of Broward*
*County, Florida, et al.*,

      Defendants.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepayment of Fees or Costs, filed by Plaintiff Devon A. Brown. ("Application") (ECF No. 3). This matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters, except for motions affecting any deadlines set by the District Court's scheduling order. (ECF No. 4). Having reviewed Plaintiff's Application and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Application be **DENIED, without prejudice,** and that under 28 U.S.C. § 1915(e) the Amended Complaint be **DISMISSED** with leave to amend as set forth below.

1

I.    **BACKGROUND**

This is a civil rights action under Section 1983[1] asserting violations of the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Pub. L. No. 106-274, 114 Stat. 803 (codified at 42 U.S.C. § 2000cc *et seq.*), arising under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff also asserts claims under Florida law, arising under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

On January 9, 2023, Plaintiff Devon A. Brown initiated this suit by filing a *pro se* complaint naming Gregory Tony, in his official capacity as Sheriff of Broward County, Florida, and the Broward County Sheriff's Office ("BSO") as Defendants.  (ECF No. 1).  Plaintiff later filed the Amended Complaint, removing BSO as a Defendant and instead naming as Defendants: Gregory Tony ("Tony"), in his individual capacity and in his official capacity as Sheriff of Broward County, Florida; Monica Cepero ("Cepero"), in her individual capacity and in her official capacity as the County Administrator of Broward County, Florida; and Broward County, Florida (the "County").

Plaintiff alleges in his Amended Complaint that Defendants have "implemented and are continuing to enforce, encourage and sanction a policy, practice and/or custom of forcing and or ordering a suspect in the Broward Sheriff's Office care and custody to remove their religious head covering[.]"  (ECF No. 5 at 1).

Specifically, Plaintiff alleges that on April 3, 2019, he was arrested by BSO deputies for practicing law without a license.  When he was brought to jail for booking, he was ordered to remove his religious headwear and put it in a brown paper bag in accordance with BSO policy, practice, and/or custom.  Plaintiff complains that this was disrespectful to Plaintiff.  He identifies another individual, Rabbi Beri Zwiebel, who was also subjected to the same treatment on two

---

[1]  42 U.S.C. § 1983.

occasions.  Plaintiff asserts that Plaintiff's religious beliefs and convictions maintain that he should cover his head, especially on days when he is fasting like the day of his arrest.

Plaintiff alleges that BSO has a history of requiring arrestees to remove head coverings. He claims that the BSO policy, practice, and/or custom of requiring arrestees to remove their religious head coverings during booking was devised, implemented, enforced, and sanctioned by Defendants and their confederates.  Plaintiff contends that Defendants have acted with deliberate indifference to constitutional rights by failing to properly screen, train, and supervise BSO officers; have inadequately monitored and disciplined BSO officers; and have failed to rectify the purportedly unconstitutional practice.  On information and belief, Plaintiff contends that law enforcement activities of BSO, which is maintained by the County, are funded in part by the federal government.

Accordingly, Plaintiff has raised the following claims for relief: (1) a First Amendment violation against all Defendants under Section 1983 ("Count 1"); (2) a claim against all Defendants for violation of RLUIPA and the First Amendment ("Count 2"); (3) a third claim against all Defendants that appears to be duplicative of Count 1 except as to the relief sought ("Count 3"); (4) a claim that contains at least four, and possibly more, sub-claims arising under Florida law for trespass, violation of the right to religious practice, violation of other rights under Florida law, and negligent hiring, screening, training, supervising, and retention of employees ("Count 4"); and (5) a claim asserting *respondeat superior* liability against the County for the acts and omissions of Tony and Cepero ("Count 5").

It is difficult for the Court to discern what relief Plaintiff seeks in connection with each Count asserted in the Amended Complaint.  As best the Court can tell, Plaintiff seeks injunctive relief with respect to the First Amendment Free Exercise Clause violation alleged in Count 1,

punitive damages with respect to that violation in Count 3, and "damages for anxiety, embarrassment, emotional stress, humiliation, emotional anguish, and punitive damages" as to at least the other Counts, but possibly as to all Counts.  (ECF No. 5 at 8).

Plaintiff's Amended Complaint is now before the Court for screening under 28 U.S.C. § 1915(e).[2]

## II.   LEGAL STANDARD

Under Section 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . .  the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," notwithstanding any filing fee or portion thereof that may have been paid.  28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (emphasis added) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, *prisoners and non-prisoners alike*.").

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pled do not state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009).  In addition, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on "clearly baseless" factual allegations, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

---

[2]  The Court should accept the Amended Complaint as properly filed, under Federal Rule of Civil Procedure 15(a).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted).  In determining whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a claim, the Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon.  *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted."  *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018).  Although district courts must liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist.  *GJR Invs. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998).

## III.   DISCUSSION

### A.    Shotgun Pleading

First, I find that the Amended Complaint is a shotgun pleading and recommend that it be dismissed without prejudice on those grounds with leave to amend.

As noted above, Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  The Amended Complaint is a shotgun pleading that does not meet these

minimum pleading standards.  The Eleventh Circuit has provided substantial guidance on shotgun pleadings, identifying four such categories:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings.  The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.  "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Here, the Amended Complaint falls into the first category of shotgun pleadings enumerated in Eleventh Circuit jurisprudence because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland*, 792 F.3d at 1321.

The Amended Complaint also falls into the third category of shotgun pleadings because it "commits the sin of not separating into a different count each cause of action or claim for relief."  *Id.* at 1323.  For example, Count 3 asserts that all Defendants violated both RLUIPA and the First Amendment.  Count 4 appears to assert at least four different causes of action within one count;

one of the four causes of action named in Count 4 includes violation of unidentified rights under Florida law ("violation of rights which are also protected under the Florida's Constitution and laws of the State of Florida").

Accordingly, I recommend dismissing the Amended Complaint with leave to amend to correct the foregoing deficiencies.

### B.      Substantive Claims

Second, I find that dismissal of Plaintiff's claims on the merits is independently warranted as set forth below.  In affording Plaintiff leave to amend his complaint to correct the shotgun pleading deficiencies identified above, Plaintiff should further be required to amend his complaint to correct the deficiencies set forth below.  The Court first addresses Plaintiff's RLUIPA claim in Count 2.

### 1.      RLUIPA - Count 2

The Supreme Court has explained that Congress enacted RLUIPA following the decisions handed down in *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990), and *City of Boerne v. Flores*, 521 U.S. 507 (1997), to "ensure 'greater protection for religious exercise than is available under the First Amendment.'" *Ramirez v. Collier*, 142 S. Ct. 1264, 1277 (2022).   RLUIPA prohibits governments that receive federal funding from substantially burdening a prisoner's exercise of religion unless they have a compelling interest and employ the least restrictive means possible for protecting that interest.  *See Knight v. Thompson*, 797 F.3d 934, 943 (11th Cir. 2015).

First, Plaintiff's RLUIPA claim against Tony and Cepero must be dismissed with prejudice to the extent those claims are brought against them in their individual capacities.  *Davila v. Marshall*, 649 F. App'x 977, 980 (11th Cir. 2016) (citing *Smith v. Allen*, 502 F.3d 1255, 1275

(11th Cir. 2007)) ("RLUIPA does not authorize claims for monetary damages against prison officials in their individual capacities."). Plaintiff may obtain only nominal damages, not compensatory or punitive damages, to the extent Plaintiff can assert claims against Tony and Cepero under RLUIPA in their official capacities or against the County.[3] *Hathcock v. Cohen*, 287 F. App'x 793, 798 n.6 (11th Cir. 2008).

Nonetheless, I find that the Amended Complaint lacks sufficient factual detail and context to plausibly set forth an RLUIPA violation as currently pled. Section 2000cc-1(a) of RLUIPA establishes a burden-shifting framework. "First, the plaintiff must show that a government rule, regulation, practice, or policy substantially burdens his exercise of religion. Once the plaintiff has made this showing, the defendant has the burden of proving that the challenged directive is the 'least restrictive means of furthering a compelling governmental interest.'" *Dorman v. Aronofsky*, 36 F.4th 1306, 1313 (11th Cir. 2022) (quoting *Ramirez*, 142 S. Ct. at 1277). The Eleventh Circuit has explained:

> The substantial burden inquiry under the RLUIPA "asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Holt v. Hobbs*, 574 U.S. 352, 361–62, 135 S. Ct. 853, 190 L. Ed. 2d 747 (2015). We have held that a substantial burden is "more than an inconvenience" and is "akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly[.]" *Thai Meditation Ass'n of Ala., Inc. v. City of Mobile*, 980 F.3d 821, 829–30 (11th Cir. 2020) (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). We said in *Midrash Sephardi* that a substantial burden can "tend[ ] to force adherents to forego religious precepts" or "mandate[ ] religious conduct," 366 F.3d at 1227, but we recently clarified that these formulations are only examples—and not prerequisites—of a substantial burden. *See Thai Meditation*, 980 F.3d at 830–31.

---

[3] Plaintiff should not be permitted to amend his complaint to seek injunctive relief against Tony, Cepero, or the County under RLUIPA. The incident giving rise to Plaintiff's claims occurred on April 3, 2019 and Plaintiff's IFP Application states that he is not incarcerated, suggesting that he has since been released. (ECF No. 3 at 1); *see Davila v. Marshall*, 649 F. App'x 977, 980–81 (11th Cir. 2016) ("[T]he district court properly dismissed as moot Davila's request for injunctive relief under RLUIPA because he had been transferred to another prison"); *Hathcock v. Cohen*, 287 F. App'x 793, 798–99 (11th Cir. 2008) ("To the extent Hathcock seeks injunctive or declaratory relief, his RLUIPA claims are moot because he was transferred from the custody of the BSO to the Florida Department of Corrections on May 5, 2005.").

*Dorman*, 36 F.4th at 1314.

I note that the Amended Complaint does not expressly identify in the charging language of Count 2 what of Defendants' actions or omissions substantially burdened Plaintiff's religious exercise or how. Construing the Amended Complaint liberally, Plaintiff appears to allege that the policy, practice, and/or custom of requiring arrestees to remove head coverings when being processed/booked after arrest substantially burdens religious exercise.

To that end, Plaintiff claims that he was required to remove his clearly marked religious head covering and place it in a brown paper bag when he was being processed at BSO's booking station after his arrest. Plaintiff alleges that his "religious beliefs and conviction maintains that his head should be covered." (ECF No. 5 at 4).

However, Plaintiff has not alleged facts sufficient to plausibly plead substantial burden on religious exercise for purposes of RLUIPA. This is so because Plaintiff has not alleged that his sincerely held religious beliefs require him to wear a head covering at all times or in all places. *Cf. Richardson v. Clarke*, 52 F.4th 614, 624 (4th Cir. 2022) (reversing the entry of summary judgment on an RLUIPA claim where "the prior policy required [the plaintiff] to either violate his religious beliefs—by refraining from wearing a head covering at all times—or risk discipline at [the institution] for violating the policy. In other words, [the institution's] head covering policy placed [the plaintiff] between the proverbial rock and a hard place. Doing so substantially burdens his religious beliefs under the RLUIPA."). Though Plaintiff's religious beliefs might require him to wear a religious head covering at all times or in all places, his complaint does not so state. In short, the facts alleged are insufficient for this Court to find that Plaintiff has pled a RLUIPA violation occurred.

This is all to say that Plaintiff should be required to provide additional factual context regarding the requirements of Plaintiff's religious beliefs and how specifically those religious beliefs were burdened during the booking process on April 3, 2019.  Accordingly, I recommend that Count 2 be dismissed with prejudice against Tony and Cepero in their individual capacities, but otherwise dismissed without prejudice and with leave to amend.

### 2. First Amendment Free Exercise - Counts 1, 2, and 3

In Counts 1 and 3, Plaintiff alleges a First Amendment Free Exercise Clause violation against all Defendants based on Defendants' failure to adequately train and supervise BSO officers, failure to adequately monitor and discipline BSO officers, and overt and tacit encouragement and sanctioning of the policy, practice and/or custom of requiring arrestees to remove religious headwear during booking.  Plaintiff seeks injunctive relief in Count 1 and punitive damages in Count 3.  In Count 2, Plaintiff asserts both a violation of the First Amendment and RLUIPA.

"The Free Exercise Clause of the First Amendment protects against 'indirect coercion or penalties on the free exercise of religion, not just outright prohibitions.'"  *Carson ex rel. O. C. v. Makin*, 142 S. Ct. 1987, 1996 (2022) (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450, 108 S. Ct. 1319 (1988)).  Under Supreme Court precedent, generally, "a plaintiff may carry the burden of proving a free exercise violation in various ways, including by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'"  *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2421–22 (2022) (quoting *Employment Division*, 494 U.S. at 879–81).  As the Eleventh Circuit has explained:

> To plead a claim for relief under the Free Exercise Clauses of the U.S. and Florida Constitutions, a plaintiff "must allege that the government has impermissibly

burdened one of [its] 'sincerely held religious beliefs.'" *Watts v. Fla. Int'l Univ.*,
495 F.3d 1289, 1294 (11th Cir. 2007).  This belief must be "rooted in religion,"
since "personal preferences and secular beliefs do not warrant the protection of the
Free Exercise Clause." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1256
(11th Cir. 2012) (quoting *Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 833, 109
S. Ct. 1514, 103 L .Ed. 2d 914 (1989)).  We have read this pleading requirement as
having two components: "(1) the plaintiff holds a belief, not a preference, that is
sincerely held and religious in nature, not merely secular; and (2) the law at issue
in some way impacts the plaintiff's ability to either hold that belief or act pursuant
to that belief."

*Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1246 (11th

Cir. 2019).

The federal Free Exercise Clause violation complained of in this case occurred when

Plaintiff was being booked at a jail after his arrest.  The Eleventh Circuit has observed that "[i]f a

claim fails under the RLUIPA—which embeds a heightened standard for government restrictions

of the free exercise of religion—it necessarily fails under the First Amendment." *Dorman*, 36

F.4th at 1313.

Because the Court finds that Plaintiff fails to allege facts sufficient to set forth a RLUIPA

violation, the Court also finds that Plaintiff fails to allege facts sufficient to set forth claims for

violations of the First Amendment's Free Exercise Clause.  *See id.*; *see also Pace v. Lawerance*,

No. 19-22928-CV, 2020 WL 6064876, at *7–8 (S.D. Fla. Sept. 25, 2020), *report and

recommendation adopted sub nom. Pace v. Lawrence*, No. 19-22928-CV, 2020 WL 6059804 (S.D.

Fla. Oct. 14, 2020) (dismissing claims for violation of RLUIPA and the Free Exercise Clause

where the plaintiff was temporarily deprived of religious items and the ability to perform obligated

daily prayer for more than 7 days but where the plaintiff did not allege he was unable to complete

his religious obligations once his religious items were returned to him).  Accordingly, I recommend

that Counts 1 and 3, and Count 2 to the extent it asserts a Free Exercise Clause claim, be dismissed

without prejudice.

### 3.      Counts 4 and 5

In Count 4, Plaintiff appears to assert multiple causes of action under Florida law, including trespass; violation of the right to religious practice; negligent hiring, screening, training supervising, and retention of employees; and violation of other unidentified rights.  In Count 5, Plaintiff seeks to hold the County vicariously liable for the acts and omissions of Tony and Cepero.

First, the Court finds that all claims against the County asserted in Counts 4 and 5 must be dismissed without prejudice for failure to allege waiver of sovereign immunity.  Plaintiff's Amended Complaint does not attest to timely compliance with the pre-suit written notice requirement under Florida Statutes § 768.28(6)(a) (waiving sovereign immunity upon pre-suit written notice within 3-years of accrual of claim).  *See Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393–94 (S.D. Fla. 2008) (dismissing claim against municipality without prejudice but permitting leave to replead if the plaintiffs had provided the requisite notice).

Second, the Court finds that Plaintiff's claim in Count 4 for "violation of rights which are also protected under the Florida's Constitution and laws of the State of Florida," should be dismissed for failure to specify what Plaintiff seeks to hold Defendants liable for.

Third, the Court recommends dismissal of Plaintiff's claim for trespass.  Because this case does not involve real property, the Court construes this claim as one for trespass to personal property.  "Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification." *Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 805 So. 2d 835, 846 (Fla. 4th DCA 2001) (quoting *Coddington v. Staab*, 716 So. 2d 850, 851 (Fla. 4th DCA 1998)).  Because Plaintiff does not allege that any of Defendants are personally responsible for intentionally interfering with Plaintiff's religious head covering, the Court recommends that this claim be dismissed to the extent it is asserted as a direct liability claim.

Fourth, Plaintiff's claim for negligent hiring, screening, training, supervising, and retention should be dismissed because that sub-claim itself improperly combines two causes of action: negligent hiring and negligent supervision or retention. The Florida Supreme Court has observed:

> A claim for negligent hiring arises when, before the time the employee is hired, the employer knew or should have known that the employee was unfit. Liability in these cases focuses on the adequacy of the employer's pre-employment investigation into the employee's background. Liability for negligent supervision or retention, however, occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as "investigating, discharge or reassignment."

*Malicki v. Doe*, 814 So. 2d 347, 362 n.15 (Fla. 2002) (internal citations omitted).

A claim for negligent hiring requires a plaintiff to show: "(1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known." *Id.* at 362 (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)). Here, the Amended Complaint contains no allegations regarding the hiring of any particular individual by any of Defendants and therefore Count 4 should be dismissed to the extent it asserts a negligent hiring claim.

"Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Lee v. Harper*, 328 So. 3d 384, 388 (Fla. 1st DCA 2021). "The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action." *Id.* Here, the Amended Complaint fails to allege any Defendants' actual

or constructive notice of problems with any particular employee's fitness. Therefore, Count 4 should be dismissed to the extent it asserts a claim for negligent supervision or retention.

And fifth, Plaintiff's claim for violation of the right to religious practice under Florida law, to the extent that claim arises under the Florida Constitution, should be dismissed for the same reasons Plaintiff's federal First Amendment Free Exercise Clause claim should be dismissed. *See Cambridge Christian Sch.*, 942 F.3d at 1246 (noting that the analysis under the Free Exercise Clauses of both the United States Constitution and Florida Constitution are identical); *see also id.* at 1228 n.2 ("Florida's courts have treated the Free Speech and Free Exercise Clauses of the Florida Constitution as being coextensive with those embodied in the United States Constitution, and have adopted the same principles and methods of analysis.").

In sum, Counts 4 and 5 should be dismissed with leave to amend.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that

(1) Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 3) be **DENIED, without prejudice**;

(2) Count 2 be **DISMISSED, with prejudice**, to the extent Plaintiff asserts a claim against Tony and Cepero in their individual capacities for damages; and

(3) Plaintiff's Amended Complaint (ECF No. 1) be **DISMISSED** in all other respects, with leave to amend as set forth above.[4]

---

[4] Although the rule in this Circuit is that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court," *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), when dismissing a complaint, a district court is required to *sua sponte* afford a *pro se* plaintiff leave to amend, "at least where a more carefully drafted complaint might state a claim." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015); *cf. Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 & n.6 (11th Cir. 2018).

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 25th day of July, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore

Devon A. Brown
2487 Jackson Street, Apt 5
Hollywood, FL 33020
PRO SE