UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60033-KMM

DEVON A. BROWN,

    Plaintiff,

v.

GREGORY TONY, *in his individual capacity and in his official capacity as Sheriff of Broward County, Florida, et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Devon A. Brown. ("Application") (ECF No. 3). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to take "all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." (ECF No. 4). On July 25, 2023, Magistrate Judge Louis entered a Report and Recommendation, recommending that Plaintiff's Application be denied without prejudice and that the Amended Complaint, ("Am. Compl.") (ECF No. 5), be dismissed with leave to amend. ("R&R") (ECF No. 9). On August 3, 2023, Plaintiff filed Objections to the R&R. ("Objs.") (ECF No. 11). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to a finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Plaintiff's Objection states that he "respectfully disagrees" with Judge Louis's finding of a shotgun pleading and that he did properly state a claim for "religious violation." Objs. at 1.

Plaintiff also relies on *Hafer v. Melo* for the assertion that he may sue Defendants Tony and Cepero in their individual capacities. *See* 502 U.S. 21, 25–26 (1991); Objs. at 2. However, while that case held that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983, Judge Louis's finding concerns Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See Hafer*, 502 U.S. at 31. As Judge Louis correctly notes, "RLUIPA does not authorize claims for monetary damages against prison officials in their individual capacities." R&R at 7–8 (citing *Davila v. Marshall*, 649 F. App'x 977, 980 (11th Cir. 2016). Plaintiff's filings are not proper objections to Magistrate Judge Louis's R&R, nor do they remedy the deficiencies identified in the R&R. Accordingly, this Court need only be satisfied that there is no clear error. *See Keaton,* 2015 WL 12780912, at *1.

As set forth in the R&R, Magistrate Judge Louis finds that: (1) the Amended Complaint is a shotgun pleading and should be dismissed without prejudice with leave to amend; (2) the Amended Complaint lacks sufficient factual detail to plausibly set forth an RLUIPA violation in Count 2 and improperly charges Defendants Tony and Cepero in their individual capacities; (3) the Amended Complaint lacks sufficient factual detail to plausibly set forth claims for violations of the First Amendment's Free Exercise Clause; (4) all claims against the County asserted in Counts 4 and 5 must be dismissed without prejudice for failure to allege waiver of sovereign immunity; (5) the Amended Complaint lacks sufficient detail to plausibly state a claim in Count 4 for violation of rights under Florida's Constitution; and (6) Plaintiff's claim for negligent hiring should be dismissed because the claim improperly combines negligent hiring and negligent supervision or retention. R&R at 5–14. Magistrate Judge Louis recommends that Plaintiff's Application be denied without prejudice, Count 2 of the Amended Complaint be dismissed with prejudice to the extent Plaintiff asserts a claim against Defendants Tony and Cepero in their

individual capacities for damages, and the Amended Complaint be dismissed without prejudice in all other respects with leave to amend. *Id.* at 14.

This Court agrees.

UPON CONSIDERATION of the Amended Complaint (ECF No. 5), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. The R&R (ECF No. 9) is ADOPTED.

2. The Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 3) is DENIED WITHOUT PREJUDICE.

3. Count 2 of the Amended Complaint (ECF No. 5) is DISMISSED WITH PREJUDICE to the extent Plaintiff asserts a claim against Defendants Tony and Cepero in their individual capacities for damages.

4. The Amended Complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE in all other respects for failure to state a valid claim pursuant to 28 U.S.C. § 1915(e).

5. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint on or before **November 13, 2023**. Failure to do so shall result in dismissal with prejudice for failure to state a valid claim under 28 U.S.C. § 1915(e).

6. The Clerk of Court is instructed to CLOSE this case. The Court will instruct the Clerk of Court to reopen this case upon the filing of a second amended complaint that cures the deficiencies discussed above. If Plaintiff decides to initiate a new case by re-filing the Complaint in this Court, he must either (1) pay the $402.00 filing fee; or (2) file a motion to proceed *in forma pauperis*.

7. All pending motions are DENIED AS MOOT.

8. The Clerk of Court is INSTRUCTED to transmit a copy of this Order to Plaintiff.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of October, 2023.

*K. M. Moore*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Devon A. Brown
P.O. Box 470373
Miami, FL 33247
PRO SE