UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-60033-KMM

DEVON A. BROWN,

    Plaintiff,

v.

GREGORY TONY, *in his individual capacity
and in his official capacity as Sheriff of Broward
County, Florida, et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court upon the Application to Proceed in District Court Without Prepayment of Fees or Costs filed by Plaintiff Devon A. Brown. ("Application") (ECF No. 18). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to take "all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters." (ECF No. 4). On July 23, 2024, Magistrate Judge Louis entered a Report and Recommendation, recommending that Plaintiff's Application be denied and that the Second Amended Complaint, ("SAC") (ECF No. 14), be dismissed. ("R&R") (ECF No. 20). On August 2, 2024, Plaintiff filed Objections to the R&R. ("Objs.") (ECF No. 22). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed.

R. Civ. P. 72(b)(3).  A *de novo* review is required if a party files "a proper, specific objection" to a finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review.  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In the Second Amended Complaint, Plaintiff alleges that he was arrested on April 3, 2019 by deputies from Broward County Sheriff's Office for practicing law without a license.  R&R at 4.  When he was brought to jail for booking, he was required to remove his religious headwear and

put it in a brown paper bag, which Plaintiff alleges violated his religious beliefs. *Id.* Magistrate Judge Louis liberally construes the Second Amended Complaint to assert five claims: (1) violation of the First Amendment Free Exercise Clause pursuant to 42 U.S.C. § 1983 against Gregory Tony in his official capacity as the Sheriff of Broward County (Count 1); (2) violation of the First Amendment Free Exercise Clause under § 1983 against Broward County (Count 2); (3) violation of the First Amendment Free Exercise Clause under § 1983 against Monica Cepero in her official capacity as Broward County Administrator (Count 3); violation of the First Amendment Free Exercise Clause under § 1983 against the Broward County Sheriff's Office (Count 4); and (5) violation of the Fourteenth Amendment Equal Protection Clause against all Defendants (Count 5). *Id.* at 4–5.

As set forth in the R&R, Magistrate Judge Louis finds that: (1) all claims against Defendant Broward County Sheriff's Office must be dismissed because the Broward County Sheriff's Office is not a legal entity that can sue or be sued under Florida law, *id.* at 7; (2) the allegations in Counts 1, 2, and 3 are insufficient to set forth a claim under the First Amendment's Free Exercise Clause, *id.* at 7–12; and (3) Count 5 is too vague to assess and lacks sufficient detail to ascertain what conduct Plaintiff complains of and how that conduct is related to any purported violation of the Fourteenth Amendment Equal Protection Clause, *id.* at 12–13. Thus, Magistrate Judge Louis recommends that Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs be denied without prejudice, the Second Amended Complaint be dismissed with prejudice as to the claims against Defendant Broward County Sheriff's Office and dismissed without prejudice as to the remaining claims with leave to amend. *Id.* at 13.

Plaintiff makes two objections to Magistrate Judge Louis's R&R. *See generally* Objs. First, Plaintiff argues that Magistrate Judge Louis was "probably mixing up" Counts 1, 2, and 3

3

with Plaintiff's previous RLUIPA claim[1] that was dropped in the Second Amended Complaint. *Id.* at 2–3. However, the R&R is clear that Magistrate Judge Louis is not mixing up the claims, but rather noting that the allegations regarding Counts 1, 2, and 3 are identical to those previously found insufficient to state a claim under the RLUIPA. R&R at 11. As Magistrate Judge Louis explains, if "a claim fails under the RLUIPA—which embeds a heightened standard for government restrictions of the free exercise of religion—it necessarily fails under the First Amendment." *Id.* at 12 (quoting *Dorman v. Aronofsky*, 36 F.4th 1306, 1313 (11th Cir. 2022)). Thus, the allegations in the SAC remain insufficient to set forth a claim under the First Amendment Free Exercise Clause. Next, Plaintiff argues that Magistrate Judge Louis did "not lawfully show . . . why the defendants [are] not liable for inadequate training of their employees." Objs. at 3. Plaintiff's arguments are not proper objections to Magistrate Judge Louis's R&R, nor do they remedy the deficiencies identified in the R&R. Accordingly, this Court need only be satisfied that there is no clear error. *See Keaton,* 2015 WL 12780912, at *1.

UPON CONSIDERATION of the Second Amended Complaint (ECF No. 14), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. The R&R (ECF No. 20) is ADOPTED;

2. The Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 18) is DENIED;

3. The Second Amended Complaint (ECF No. 14) is DISMISSED WITH PREJUDICE to the

---

[1] In his First Amended Complaint, Plaintiff filed a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). (ECF No. 9) at 3. Magistrate Judge Louis found that the First Amended Complaint lacked sufficient factual detail to plausibly set forth an RLUIPA violation and the Court adopted the R&R. (ECF No. 12) at 3. In the Second Amended Complaint, Plaintiff has dropped the RLUIPA claim. R&R at 11.

claims against Defendant Broward County Sheriff's Office and DISMISSED WITHOUT PREJUDICE as to the remaining claims;

4. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint on or before **September 4, 2024**.

5. The Clerk of Court is instructed to CLOSE this case. The Court will instruct the Clerk of Court to reopen this case upon the filing of an amended complaint that cures the deficiencies discussed above. If Plaintiff decides to initiate a new case by re-filing the Complaint in this Court, he must either (1) pay the filing fee; or (2) file a motion to proceed *in forma pauperis*.

6. All pending motions are DENIED AS MOOT.

7. The Clerk of Court is INSTRUCTED to transmit a copy of this Order to Plaintiff.

DONE AND ORDERED in Chambers at Miami, Florida, this  14th   day of August, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Devon A. Brown
2122 Adams Street
Apartment 303
Hollywood, FL 33020
PRO SE